UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 05-61 |
| DEMETRIUS TWYMON | SECTION I |

### ORDER AND REASONS

Before the Court is a motion[1] filed by defendant, Demetrius Twymon, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government filed an opposition,[2] to which defendant filed a reply.[3] For the following reasons, the motion is **DENIED** and defendant's post-conviction application is **DISMISSED WITH PREJUDICE**.

### BACKGROUND

On April 21, 2005, defendant was charged in a 3-count superseding bill of information.[4] Count 1 charged that on or about February 15, 2005, defendant knowingly and intentionally possessed with intent to distribute quantities of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).[5] Count 2 charged that on or about the same date, defendant also knowingly and intentionally possessed with intent to distribute quantities of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D).[6] Count 3 charged that on or about the same date, defendant

---

[1] R. Doc. No. 44.
[2] R. Doc. No. 50.
[3] R. Doc. No. 52.
[4] R. Doc. No. 8. Defendant was originally charged on February 25, 2005, in a 2-count indictment. R. Doc. No. 1.
[5] R. Doc. No. 8, at 1.
[6] R. Doc. No. 8, at 2.

knowingly possessed a firearm in furtherance of the drug trafficking crimes described in counts 1 and 2, in violation of 18 U.S.C. §§ 924(c)(1) and 2.[7]

Defendant signed a factual basis[8] and pleaded guilty to all three counts without a plea agreement.[9] The Court sentenced him on July 21, 2005, to a total term of 81 months of imprisonment[10] and 3 years of supervised release as to each count, with all such periods of supervised release to run concurrently.[11] Defendant did not appeal his convictions or original sentences, and he does not challenge such convictions and sentences in the instant § 2255 petition.[12]

Defendant served his term of imprisonment and began his period of supervised release on April 11, 2011.[13] On November 8, 2012, the government filed a rule to revoke defendant's supervised release due to numerous violations.[14] On December 6, 2012, the Court revoked defendant's supervised release based on the probation officer's reports and after defendant admitted to at least some of the violations.[15] The Court sentenced defendant to a total term of 60 months of imprisonment which is the statutory maximum.[16] *See id.* § 3583(e) ("The court may . . . (3) revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such

---

[7] R. Doc. No. 8, at 2.
[8] R. Doc. No. 10.
[9] *See* R. Doc. No. 30.
[10] R. Doc. No. 16, at 2. That term of imprisonment represented 21 months as to each of counts 1 and 2, to be served concurrently, and 60 months as to count 3, to be served consecutive to counts 1 and 2. R. Doc. No. 16, at 2.
[11] R. Doc. No. 16, at 3.
[12] *See* R. Doc. No. 44, at 1; R. Doc. No. 52, at 2.
[13] *See* R. Doc. No. 23, at 2; R. Doc. No. 50, at 2.
[14] R. Doc. No. 23.
[15] *See* R. Doc. No. 31, at 1.
[16] R. Doc. No. 31, at 3. That term of imprisonment represents 24 months as to each of counts 1 and 2, and 60 months as to count 3, all to be served concurrently. R. Doc. No. 31, at 3.

term of supervised release without credit for time previously served on postrelease supervision . . . ."). Defendant appealed that sentence[17] and the U.S. Court of Appeals for the Fifth Circuit affirmed.[18] Certiorari to the U.S. Supreme Court was denied on January 13, 2014.[19]

The government does not dispute that the instant § 2255 petition was timely filed.[20]

## STANDARD OF LAW

Section 2255(a) provides a prisoner in custody with four grounds upon which relief may be granted: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Hill v. United States*, 368 U.S. 424, 426-27 (1962). Section 2255 is designed to remedy constitutional errors and other injuries that could not be brought on direct appeal and would result in injustice if left unaddressed. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "[A] proceeding under Section 2255 is an independent and collateral inquiry into the validity of the conviction . . . ." *United States v. Hayman*, 342 U.S. 205, 222-23 (1952). The inquiry does not extend to the misapplication of sentencing guidelines. *See Williamson*, 183 F.3d at 462.

"The § 2255 remedy is broad and flexible, and entrusts to the courts the power to fashion an appropriate remedy." *United States v. Garcia*, 956 F.2d 41, 45 (4th Cir. 1992) (citing *Andrews*

---

[17] R. Doc. No. 29, at 1.
[18] R. Doc. No. 41; *United States v. Twymon*, 537 F. App'x 501, 2013 WL 3929857 (5th Cir. 2013).
[19] R. Doc. No. 43.
[20] The government notes that "any challenge to [defendant]'s *original* sentence would be time-barred under Title 28, United States Code, Section 2255(f)(1), because his motion to vacate [his] sentence was filed more than one year after his judgment of conviction became final." R. Doc. No. 50, at 7 (emphasis added). As stated above, defendant is not challenging his original sentence. R. Doc. No. 52, at 2.

3

*v. United States*, 373 U.S. 334, 339 (1963)). Pursuant to § 2255, the Court must grant defendant a hearing to determine the issues and make findings of fact and conclusions of law unless "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

"The Supreme Court has emphasized repeatedly that a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (quotation omitted). "[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice" or actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998). The Supreme Court has held that "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought" in a § 2255 proceeding. *Massaro*, 538 U.S. at 509; *see also, e.g.*, *United States v. Johnson*, 124 F. App'x 914, 915 (5th Cir. 2005).

## DISCUSSION

Alleging ineffective assistance of counsel and due process violations, defendant challenges his sentence of 60 months' imprisonment following the revocation of his supervised release.[21] The Court addresses each ground in turn.

### A.     Ground One: Ineffective Assistance of Counsel

The United States Supreme Court set forth the standard for judging the performance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court articulated a

---

[21] The Court notes that defendant also refers to the Eighth Amendment, but he does not brief the issue and he states that he is not pursuing relief on that basis. *See* R. Doc. No. 44, at 11 ("A major upward variance was given with no description of why one such action was warranted. It could almost be contested as Cruel and Unusual Punishment and a Due Process of law [violation]. But for the sake of argument [defendant] will stay with claiming ineffectiveness of counsel.").

4

two-part test that requires the petitioner to prove (1) deficient performance and (2) resulting prejudice. *Id.* at 697.

Deficient performance is established by "show[ing] that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In applying this standard, a "court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (quoting *Strickland*, 466 U.S. at 689).

The second prong of the *Strickland* test looks to the prejudice caused by counsel's allegedly deficient performance. This requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the context of alleged trial errors, the petitioner must show that his "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

The petitioner must satisfy both prongs of the Strickland test in order to be successful on an ineffective assistance claim. *See id.* at 697. A court is not required to address these prongs in any particular order. *Id.* If it is possible to dispose of an ineffective assistance of counsel claim without addressing both prongs, "that course should be followed." *Id.*

Defendant claims that both his counsel at the revocation hearing and his appellate counsel were constitutionally deficient for a number of specific acts and omissions.[22]

---

[22] Defendant was represented by Gary Schwabe, Assistant Federal Public Defender, at his rearraignment, his original sentencing, and his revocation hearing. *See* R. Doc. Nos. 11, 15, 30. Defendant was represented by Mr. Schwabe and Jordan Siverd, Assistant Federal Public Defender, during the direct appeal of his revocation sentence. *See* R. Doc. No. 50-1, at 1-2.

*1.     Revocation Counsel*

Defendant claims that his counsel at the revocation hearing was ineffective "in not properly contesting the sentence imposed and not properly using [defendant's] CURRENT circumstances to avoid the action that was taken at sentencing."[23] The Court addresses each of these alleged deficiencies in turn.

First, regarding counsel's alleged failure to "properly contest[] the sentence,"[24] defendant argues that "counsel contested the sentence only briefly and said he claimed it was unreasonable due to the factors of Title 18 USC 3553(a), and yet the argument wasn't entered as a memorandum before or after sentencing."[25] The record reflects that counsel adequately made the objection on the record in open court,[26] that a notice of appeal was promptly filed,[27] and that the argument was fully briefed[28] and considered on appeal.[29]

Defendant also states that the "Court took notice of the objection but automatically denied without taking time to review the facts of 3553(a) or any of its other factors."[30] The transcript of the revocation proceeding clearly disproves this assertion, as the Court stated that it had considered the relevant factors set forth in 18 U.S.C. § 3553 and, as stated, it explained its reasons in response to defense counsel's objection.[31]

---

[23] R. Doc. No. 44, at 9.
[24] R. Doc. No. 44, at 9.
[25] R. Doc. No. 44, at 11.
[26] *See* R. Doc. No. 34, at 10 ("MR. SCHWABE: . . . For the record, we object to this sentence as being an unreasonable application of the policy statements and in excess of what is required under Title 18, USC 3553(a). It is a sentence which is five times the upper end of the guideline range. And, therefore, we oppose it as being unreasonable.").
[27] *See* R. Doc. No. 29.
[28] *See* R. Doc. No. 50-1.
[29] *See* R. Doc. No. 41.
[30] R. Doc. No. 44, at 11.
[31] *See* R. Doc. No. 34, at 10 ("THE COURT: In review of -- I'll also state for the record, in review of not only the continual and chronic substance abuse issues that he presents, when you

6

Defendant has failed to meet his burden under either *Strickland* prong with respect to both of the above arguments. Accordingly, such claims are rejected.

Second, regarding counsel's failure to advise the Court of defendant's "circumstances to avoid the action that was taken at sentencing," defendant identifies a number of issues that his counsel should have raised during the hearing, including "the fact[] that the original sentence of supervised release on all three counts ran concurrently at 3 years."[32] Defendant also alleges that counsel "allowed the Court to bring up a past charge of Domestic Violence and a prior state charge of aiding and abetting an armed robbery to prejudice the defendant."[33] According to defendant, counsel failed to argue that he "had in fact obtained and held two jobs and paid bills, and tried his best at living a life without criminal characteristics."[34] Defendant complains "that he was not advised [by counsel] that upon revocation he was eligible for the enhancement of 2 years more than the 3 years that were originally imposed as a sanction."[35]

Each of these assertions fail to establish ineffective assistance of counsel. First, the length of defendant's original sentence was in the record and known to the Court.[36] Second, the Court properly considered "the history and characteristics of the defendant," including his criminal history.[37] *See* 18 U.S.C. § 3553(a)(1). Third, defendant's counsel specifically mentioned that defendant was working two jobs, paying bills, and working to rebuild his life.[38] Fourth, even if defendant was not advised by counsel that upon revocation he faced a maximum of 5 years in

---

combine that with his previous propensity for violence, I think anything short of that would be an inappropriate sentence. So I note your objection.").
[32] R. Doc. No. 44, at 9.
[33] R. Doc. No. 44, at 9.
[34] R. Doc. No. 44, at 10.
[35] R. Doc. No. 52, at 2.
[36] *See* R. Doc. No. 16, at 3.
[37] *See* R. Doc. No. 34, at 7-10.
[38] *See* R. Doc. No. 34, at 5.

prison[39] as authorized by statute,[40] a finding that this Court does not make, defendant has not demonstrated why "the result of the proceeding would have been different" if defendant had been properly informed. *See Strickland*, 466 U.S. at 694.

        2.     *Appellate Counsel*

"The entitlement to effective assistance does not end when the sentence is imposed, but extends to one's first appeal of right." *Williamson*, 183 F.3d at 462. Appellate counsel's performance is evaluated under the same *Strickland* standard as is trial counsel's performance. *Id.* "To prevail, [the defendant] must establish, first, that his attorney's representation was deficient and, second, that the deficient performance caused him prejudice." *Id.* With respect to the deficient performance prong in the appellate context, the Fifth Circuit has stated that "[c]ounsel does not need to 'raise every nonfrivolous ground of appeal available.' Nonetheless, a reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." *Id.* (quoting *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998)). With respect to the prejudice prong, the defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional error[], the result of the proceeding would have been different." *Id.* at 463 (quoting *Jones v. Jones*, 163 F.3d 285, 302 (5th Cir. 1998)) (alteration in original) (internal quotation marks omitted). "A reasonable probability is that which renders the proceeding unfair or unreliable, i.e., undermines confidence in its outcome." *Id.*

---

[39] R. Doc. No. 52, at 2.

[40] Defendant erroneously cites § 3583(e)(2) to argue that the term of imprisonment should not have exceeded the original term of supervised release that was imposed. *See* R. Doc. No. 44, at 10-11. However, that section relates to "extend[ing] a term of supervised release," not revocation. 18 U.S.C. § 3582(e)(2); *cf. id.* § 3583(e) ("The court may . . . (3) revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision . . . .").

Defendant claims that his appellate counsel abandoned an argument on appeal that would have been meritorious.[41] Defendant refers to the Fifth Circuit's statement that "[t]o the extent that [defendant] seeks to raise, on appeal, arguments that the court considered prohibited factors from [18 U.S.C.] § 3553(a)(2)(A) and (D), he has not briefed them adequately and has thus abandoned them on appeal."[42] According to defendant, "there was obviously the use of the prohibited factors in sentencing [him] to 5 times greater than the upper end of the guidelines range."[43] Defendant points to three sections of the transcript of his revocation hearing as evidence that the Court relied upon prohibited factors.[44]

The transcript reflects that the Court did not rely on or make any finding with respect to § 3553(a)(2)(A) or (D),[45] and the Court is specifically permitted to consider § 3553(a)(2)(D) by the revocation statute. *See id.* § 3583(e) ("The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), *(a)(2)(D)*, (a)(4), (a)(5), (a)(6), and (a)(7)-- . . . (3) revoke a term of supervised release . . . .") (emphasis added). Accordingly, this "abandoned" argument is without any basis in fact.

Furthermore, the revocation of defendant's supervised release was mandated in part by § 3583(g), which provides for mandatory revocation of supervised release and mandatory imposition of a term of imprisonment "[i]f the defendant . . . (3) refuses to comply with drug testing imposed as a condition of supervised release." 18 U.S.C. § 3583(g); *see also United*

---

[41] *See* R. Doc. No. 44, at 11-12; R. Doc. No. 52, at 2-3.
[42] R. Doc. No. 41, at 3.
[43] R. Doc. No. 52, at 2. The guideline range was 6 to 12 months. R. Doc. No. 34, at 5.
[44] R. Doc. No. 52, at 2; *see* R. Doc. No. 34, at 7-8, 9, 10.
[45] *See* R. Doc. No. 34, at 9 ("I have considered the factors in 18 USC, Section 3553, the pertinent factors pursuant to Section 3583, including the need to -- I've considered the nature and circumstances of your violation, your history and characteristics, I've considered the need to afford adequate deterrence and promote conduct to protect the public from further crimes of yours and the kinds of sentences available.").

*States v. Ibanez*, 454 F. App'x 328, 330 (5th Cir. 2011) ("Here, the record reflects that revocation of [defendant]'s supervised release was mandated by § 3583(g) because he violated express conditions of his supervised release by . . . refusing to comply with drug testing."). "[W]hen revocation of supervised release is mandatory under § 3583(g), the factors a sentencing court may consider [are] not limited by § 3583(e)." *United States v. Ellsworth*, 490 F. App'x 663, 664 (5th Cir. 2012); *see also United States v. Davis*, 532 F. App'x 547, 549 (5th Cir. 2013); *Ibanez*, 454 F. App'x at 330.

At defendant's revocation hearing, the Court found that "[o]ver the course of the [drug] treatment, [defendant] accumulated 24 no-shows for missing group meetings and 8 [violations] of *failing to report for random drug tests*."[46] Accordingly, revocation of defendant's supervised release was mandatory[47] and the Court was not constrained by the limitations of § 3583(e).[48] *See Davis*, 532 F. App'x at 549; *Ellsworth*, 490 F. App'x at 664; *Ibanez*, 454 F. App'x at 330. "That [defendant]'s supervised release terms were revoked not only for [§ 3583(g) violations], but also because he failed to report to probation, does not alter [the Court's] conclusion." *Davis*, 532 F. App'x at 550 (citing *Ellsworth*, 490 F. App'x at 663-64).

Any argument on appeal relative to the consideration of prohibited factors such as § 3553(a)(2)(A) and (D) would have been meritless because such argument is without a basis in

---

[46] R. Doc. No. 34, at 8 (emphasis added); *see also* R. Doc. No. 31, at 1 ("Defendant received stalls for his failure to report for random drug tests at the OHL [Odyssey House of Louisiana] on the following dates: January 19; February 22; April 19; September 6, September 12, September 17 and September 25, 2012[.]").

[47] The Court is aware of the exception provided in § 3583(d), which states: "The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test."

[48] *See* 18 U.S.C. § 3583(e) ("The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)-- . . . (3) revoke a term of supervised release . . . .").

fact and because the Court was not constrained by the limitations of § 3583(e). "Because the claim . . . is without merit, the claim of ineffective assistance of counsel for not raising the issue on appeal is, likewise, without merit." *Medellin v. Dretke*, 371 F.3d 270, 279 (5th Cir. 2004); *see also United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument cannot form the basis of an ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

### B.     Ground Two: Due Process

Defendant's second asserted ground for relief relates to what he describes as "[a] major abuse of discretion [that] was used in this case."[49] Defendant "contends that fairness and equality of law were not taken into effect here, but that the court sentenced with malicious intent to resentence [him] with no substantial reason to enhance the term [of supervised release] that was previously imposed upon [him]."[50]

The argument "that the five-year statutory maximum term of imprisonment [following revocation] is substantively unreasonable" was directly addressed by the Fifth Circuit on direct appeal.[51] The Fifth Circuit held that defendant "has not shown that the revocation sentence is plainly unreasonable" and that "the sentence did not 'unreasonably fail[] to reflect the statutory sentencing factors.'"[52] The Fifth Circuit discussed the factors that the Court considered at the

---

[49] R. Doc. No. 44, at 12.
[50] R. Doc. No. 44, at 13.
[51] R. Doc. No. 41, at 2.
[52] R. Doc. No. 41, at 3 (alteration in original) (quoting *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006)).

revocation hearing[53] and concluded that defendant "ha[d] not shown that the revocation sentence is plainly unreasonable."[54]

"It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986); *see also United States v. Goudeau*, 512 F. App'x 390, 393 (5th Cir. 2013) ("[W]e may not consider an issue disposed of in [a] previous appeal at the § 2255 stage."). Accordingly, the Court need not address any argument directed at reasonableness of defendant's sentence.

To the extent that defendant recharacterizes this argument as a violation of Due Process, either procedural or substantive,[55] defendant has not identified any specific due process violation besides the above arguments relative to the reasonableness of his sentence. "Because of [the Court's] resolution of [defendant]'s challenge to the reasonableness of his sentence, [the Court] need not address his separate argument challenging his sentence under the Due Process Clause." *United States v. Gerezano-Rosales*, 692 F.3d 393, 397 n.1 (5th Cir. 2012).

---

[53] *See* R. Doc. No. 41, at 3 ("The record reflects that the district court made an individualized assessment based on [defendant]'s multiple [supervised release] violations, his history and characteristics, and the need to protect the public and to afford adequate deterrence.").
[54] R. Doc. No. 41, at 3.
[55] R. Doc. No. 44, at 12.

## CONCLUSION

For the foregoing reasons, the Court need not grant defendant a hearing to determine the issues and make findings of fact and conclusions of law because "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Bartholomew*, 974 F.2d at 41. Accordingly,

**IT IS ORDERED** that the motion is **DENIED** and defendant's post-conviction application is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, August 5, 2014.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**